**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOEL SANDOVAL,**                                                     ) | |
|                                                                        ) | |
|                                   **Plaintiff,**                       ) | |
|                                                                        ) | |
|               **vs.**                                                  )    **Case No. 14-cv-898-NJR** | |
|                                                                        ) | |
| **S.A. GODINEZ,**                                                      ) | |
| **and MRS. ARNOLD,**                                                   ) | |
|                                                                        ) | |
|                                   **Defendants.**                      ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management.  On August 15, 2014, Plaintiff's complaint was docketed by the Clerk of Court, thus opening this *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff seeks redress for violations of his constitutional rights which occurred during his incarceration at Lawrence Correctional Center ("Lawrence").  Coincidentally, Plaintiff also was released from prison on August 15, 2014 (Doc. 1, p. 7).

Plaintiff failed to sign the complaint as required by Federal Rule of Civil Procedure 11.  On August 18, 2014, therefore, the Court struck the complaint and ordered Plaintiff to resubmit it with his signature, no later than September 8, 2014 (Doc. 5).  The original document was mailed back to him.

Plaintiff's deadline has now passed, and the Court has received neither a signed complaint nor any other communication from Plaintiff.  As Plaintiff was warned in the August 18 order, this action is now subject to dismissal.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) for failure to comply with an order of this Court and for failure to

prosecute.  There does not appear to be any reason in this case to depart from the general rule that a dismissal under Rule 41(b) "operates as an adjudication on the merits."  FED. R. CIV. P. 41(b); *Hill v. United States*, __ F.3d __, Appeal No. 14-1428, 2014 WL 3893249, at *2 (7th Cir. Aug. 11, 2014) ("Rule 41(b) of the civil rules provides that a dismissal for failure to prosecute is with prejudice 'unless the dismissal order states otherwise.'"); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) ("Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").  This dismissal shall not count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

**<u>Pending Motions</u>**

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed.  *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).  Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this case (Doc. 2).  Initially, the Court must decide whether Plaintiff was still a prisoner on the date he brought this action.  The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the fee and other provisions of the Prison Litigation Reform Act (PLRA), must be made as of the date the lawsuit is brought.  *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (former inmate who brought suit after his release was not a "prisoner" subject to the constraints of the PLRA found at 42 U.S.C. § 1997e(e)).

It is obvious that Plaintiff mailed his complaint and other documents while he was still at Lawrence.  Although he did not enclose a signed certificate of mailing, the envelope containing his complaint and motions bears the return address of Lawrence Correctional Center.  Further, in order for the envelope to have arrived at the Court via the United States Mail on Plaintiff's release date of August 15, 2014, it had to have been mailed on an earlier date (Doc. 1, p. 10).

Under the "mailbox rule," a document is generally considered to be filed on the date the prisoner submits it to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988) (mailbox rule applies to filing of notice of appeal); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (applying mailbox rule to motions filed pursuant to Rule 59(e), and implying that the mailbox rule would apply to any document filed by a prisoner, absent exceptional circumstances); *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (mailbox rule applies to filing of a petition for writ of habeas corpus).  Accordingly, the mailbox rule applies to Plaintiff's complaint in this action, and the Court shall consider this case "filed" and "brought" as of the date he mailed the documents, which was before August 15, 2014.  Although the exact date of mailing is not known, the fact that Plaintiff placed the complaint into the prison mail system before he was released from prison means that he was a "prisoner" as defined by the PLRA when he brought this case.  He is therefore subject to the PLRA fee payment rules for prisoners.

Plaintiff did not provide a copy of his inmate trust fund account along with his motion for leave to proceed IFP, as is required by 28 U.S.C. § 1915(a)(2).  The information in his affidavit, however, indicates that he does not have the financial resources to pay the filing fee in advance, and because he has been released from prison, the Court assumes that no funds remain in his inmate trust account.  Therefore, the motion for leave to proceed IFP (Doc. 2) is **GRANTED.** Under the circumstances, Plaintiff shall not be assessed an initial partial filing fee at this time. However, because he was still a prisoner when he brought this action, Plaintiff is obligated to pay the entire $350.00 filing fee.  28 U.S.C. § 1915(b)(1).

**IT IS THEREFORE ORDERED** that, should Plaintiff return to the custody of the Illinois Department of Corrections or be imprisoned in any county or local jail, he **SHALL** advise the Court of his incarceration.  The Court shall then issue an order to collect the filing fee

under the provisions of 28 U.S.C. § 1915(b).

Because this case has been dismissed, Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT.**

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.  If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: September 17, 2014**

Digitally signed by
Nancy J Rosenstengel

_____
NANCY J. ROSENSTENGEL
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).